IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **REDF MARKETING, LLC,** | ) | Case No. 12-32462 |
| | ) | |
| Debtor. | ) | |

## BRIEF IN SUPPORT OF RULE 60 MOTION

Now comes The Finley Group, the liquidating agent for Redf Marketing, LLC (the "Debtor"), and hereby submits this brief in support of its *Motion for Relief from Order* (the "Rule 60 Motion") filed on March 1, 2017. (Doc. 508).

## I. INTRODUCTION

The Liquidating Agent seeks to pursue remedies against Dan Roselli and Sara Garces Roselli (the "Rosellis") based on their ***post-confirmation*** actions, which the Liquidating Agent contends serve as breaches of the confirmed plan. As discussed below, the proper place to litigate the estate's disputes with the Rosellis based on their post-confirmation actions and any defenses they may raise is in an action for damages. Accordingly, the Liquidating Agent revises the relief requested in the Rule 60 Motion to seek only limited relief from the Confirmation Order, which provides that: (a) the Liquidating Agent may file a complaint against the Rosellis without running afoul of the Confirmation Order, and (b) the Rule 60 Motion is granted without prejudice to the Rosellis' substantive defenses in any forthcoming adversary proceeding.

## II. PROCEDURAL BACKGROUND

The Liquidating Agent filed the Rule 60 Motion on March 1, 2017, (Doc. 508), seeking relief from the "Roselli Settlement Provisions" set forth in the *Order Confirming Modified Plan* (the "Confirmation Order"). (Doc. 188). The relief requested in the Rule 60 Motion is based, in

MWH: 10116.003; 00017327.2

1

part, on a series of improper post-confirmation actions taken by the Rosellis including without limitation the following: (a) interference with the estate's litigation against third parties, (b) seeking claims against the estate that were specifically waived in the confirmed plan[1], and (c) improperly causing the Debtor's tax returns to be amended for the purpose of obtaining tax refunds believed to be approximately $650,000.

The Liquidating Agent alleges that these actions serve as, among other things, a repudiation of the express terms of the confirmed plan, and a violation of the duty of good faith and fair dealing implicit in the plan. In short, the Rosellis' post-confirmation actions have been designed for personal profit and to deprive the estate's creditors of the benefit of their bargains set forth in the confirmed plan. Consequently, the Rule 60 Motion seeks relief from the Confirmation Order pursuant to FRCP 60(b)(5) and (6). The Rule 60 Motion does not seek relief from the Confirmation Order based on pre-confirmation fraud, nor does it seek to revoke the Confirmation Order. On March 6, 2017, the Rosellis filed a *Motion to Dismiss Liquidating Agent's Motion for Relief from the Confirmation Order*[2]. (Doc. 514).

During a telephonic conference held on April 11, 2017, the Court determined that the hearing on the Rule 60 Motion would be "limited to legal issues relating to whether the Court can grant the Liquidating Agent relief in respect of the Rule 60 Motion, including the impact of 11 U.S.C. §§ 1127 and 1144 on the Liquidating Agent's Rule 60 Motion." (Doc. 532). The Liquidating Agent submits this brief in support of the Rule 60 Motion.

---

[1] This Court's Order Denying Request for an Allowed Claim dated March 3, 2016, specifically found that the confirmed plan precluded Dan Roselli from seeking the claim that he sought post-confirmation. The deadline to appeal that order has expired and Dan Roselli cannot deny that his actions breached the confirmed plan under the doctrine of collateral estoppel.

[2] The Rosellis' motion fails as a matter of law because it: (a) claims the relief sought in the Rule 60 Motion is equitably moot without any citation to applicable law, and (b) improperly casts the motion as untimely by mischaracterizing the Rule 60 Motion as a request for relief under Rule 60(b)(3)(which has a 1 year limitation period) when the relief sought in the Rule 60 Motion was brought pursuant to Rules 60(b)(5) and (6)(which do not have a 1 year limitations period) because it was based on the actions of the Rosellis that occurred more than 1 year after the entry of the Confirmation Order.

MWH: 10116.003; 00017327.2

### III. ARGUMENT

The Liquidating Agent respectfully requests that the Court enter an order granting the Rule 60 Motion on the limited terms set forth herein for the following reasons. First, Section 1144 does not apply in this case because the Liquidating Agent has not sought to revoke the Confirmation Order and because the cases interpreting Section 1144 suggest that an action for damages is the proper remedy. Second, Section 1127 does not prohibit the Court from granting Rule 60 relief to an order approving a substantially consummated plan and because the Liquidating Agent's revised request for relief does not constitute a "modification" of the plan. Third, the applicable case law illustrates that a suit to pursue state law breach of contract remedies is an appropriate remedy for breach of a confirmed plan. The Liquidating Agent addresses each of these points below in turn.

**A.    Section 1144 does not apply in this case because the Liquidating Agent has not sought to revoke the Confirmation Order and because the cases interpreting Section 1144 suggest that an action for damages is the proper remedy.**

Pursuant to Bankruptcy Rule 9024, "Rule 60 F.R.Civ.P. applies in cases under the Code except that …(3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144..." Fed. R. Bankr. P. 9024. Section 1144 of the Bankruptcy Code, in turn, governs revocation of an order of confirmation and provides that "[o]n request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation…the court may revoke such order if and only if such order was procured by fraud." 11 U.S.C. §1144. In the context of Section 1144, the "word 'revoke' is by its nature complete and absolute." *Morgenstein v. Motors Liquidation Co.*, 2012 U.S. Dist. LEXIS 190892, *17-18 (S.D.N.Y. Aug. 9, 2012). Accordingly, Section 1144 does not govern "partial revocations or modifications as remedies when a confirmation order is shown to have been procured by fraud." *Id*. at *18.

Rather, such limited relief is governed by other provisions of the Bankruptcy Code or applicable rules. *Id. See also In re A.J. Mackay Co.*, 50 B.R. 756, 759 (D. Utah 1985)("§ 1144 and Rule 9024 expressly prohibit only revocation of the confirmed plan. It is unclear whether they also prevent any and all modifications to a confirmed plan. This court holds that they do not.").

In the present case, Section 1144 does not apply because the Liquidating Agent does not seek to "revoke" the Confirmation Order in the Rule 60 Motion. Instead, the Liquidating Agent only seeks limited relief from the "Roselli Release Provisions" of the Confirmation Order in order to file an action against the Rosellis based on their breach of the confirmed plan. The Liquidating Agent has not accused the Rosellis of committing fraud in connection with the entry of the Confirmation Order, nor does the Liquidating Agent seek to undo or unwind the sale of the Debtor's assets to MGAD, LLC, or to disrupt the agreed plan treatment of the BB&T and Bank of America claims set forth in the confirmed plan. In short, the Liquidating Agent does not seek "complete and absolute" relief from the Confirmation Order. Therefore, Section 1144 is inapplicable in the context of the Rule 60 Motion.

Furthermore, and while Section 1144 is not applicable for the reasons mentioned, the cases interpreting Section 1144 lend persuasive authority for the limited relief sought by the Liquidating Agent. More specifically, even where the Court cannot revoke a confirmation order because the 180 day deadline has expired, "[a] bankruptcy court has power to remedy an injustice caused by fraud with damages after the 180-day deadline, without upsetting a confirmed plan or the finality of the confirmation order." *Huse v. Huse-Sporsem, A.S. (In re Birting Fisheries, Inc.)*, 300 B.R. 489, 505 (B.A.P. 9th Cir. 2003). Such remedy takes the form of an action for damages. *See, e.g.,* 8 *Collier on Bankruptcy* ¶1144.04 (16th 2017)("The most likely

form the relief will take is to allow a party injured by the fraud to maintain an action for damages caused by the fraud").

Accordingly, the Court should grant the Rule 60 Motion on the limited terms requested herein.

**B.    Section 1127 does not prohibit the Court from granting Rule 60 relief to a substantially consummated plan and the Liquidating Agent's limited request for relief does not constitute a "modification" of the plan.**

Section 1127 of the Bankruptcy Code governs post-confirmation plan modifications by the plan proponent or reorganized debtor and provides, "[t]he ***proponent of a plan or the reorganized debtor*** may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan…" 11 U.S.C. §1127(b)(emphasis supplied). Courts distinguish between "modifying" a plan, on the one hand, and "implementing," or "clarif[ying] the plan where previously it had been silent," on the other. *U.S. v. APT Indus.*, 128 B.R. 145, 147 (W.D.N.C. 1991); *see In re Seminole Oil & Gas Corp.*, 1992 U.S. App. LEXIS 11858, at *11 (4th Cir. May 22, 1992) (noting that the Bankruptcy "Code specifically allows for both modification and implementation" of a chapter 11 plan); *see also* 11 U.S.C. § 1127 (discussing "[m]odification of plan"); § 1142(b) (discussing "[i]mplementation of plan").

Courts determine whether an act constitutes a "modification" of a plan on a case-by-case basis because the Bankruptcy Code does not define the term "modification." *McCrary v. Barnett (In re Sea Island Co.)*, 486 B.R. 559, 570 (Bankr. S.D. Ga. 2013). To rise to the level of modification, however, some courts require a change to the "legal relationship among the debtor and its creditors." *Id.* Other courts find a "modification" "only where provisions of a plan are violated or removed." *Id.*

As initially filed, the the Rule 60 Motion likely sought to modify the terms of the confirmed plan because the relief initially sought requested that the Court alter the legal relationship of the Debtor, the Rosellis, and other creditors in this case. Specifically, the Rule 60 Motion, as filed, asked the Court to grant the Liquidating Agent relief from the "Roselli Release Provisions," which were the Court's findings and conclusions set forth in the Confirmation Order based on Section 7.9 of the confirmed plan.

Prior to filing the Rule 60 Motion, the Liquidating Agent researched the issue and determined that Courts are split on whether a movant can use Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60 to grant relief from a confirmation order after the plan has been substantially consummated[3]. On the one hand, the United States Bankruptcy Court for the District of South Carolina has held that Section 1127(b) does not prohibit a bankruptcy court from entertaining a request for relief from a confirmation order pursuant to Rules 60(b)(5) and (6) where the plan has been substantially consummated. *In re Midlands Util., Inc.*, 251 B.R. 296, 302 (Bankr. D.S.C. 2000). By contrast, other Courts have held that "a plan proponent cannot [evade] § 1127(b) by moving to modify the confirmation order instead of the plan." *In re Rickel & Assocs.*, 260 B.R. 673, 679 (Bankr. S.D.N.Y. 2001).

Given the lack of any controlling authority from the Fourth Circuit on this point, the Liquidating Agent reasonably believed that the *Midlands* decision issued by Judge Waites was persuasive for a number of reasons. First, it is the only decision addressing the issue from a Court within the Fourth Circuit. Further, and as noted by Judge Waites in *Midlands*, Section 1127(b) does not prohibit a bankruptcy judge from applying Rule 60(b) to an order approving a substantially consummated plan.

---

[3] For the purpose of this argument, the Liquidating Agent will concede that the plan has been substantially consummated.

MWH: 10116.003; 00017327.2

Second, the restrictions on plan modifications set forth in Section 1127(b) do not apply to the Liquidating Agent. Indeed, by the express text of the statute "[s]ection 1127(b) clearly applies only to modifications proposed by the ***proponent of the plan or the reorganized debtor***. Therefore, it does not apply in this case." *In re A.J. Mackay Co.*, 50 B.R. 756, 760 (D. Utah 1985)(emphasis supplied). Much like the movant in the *A.J. Mackay* case, the Liquidating Agent was neither the "plan proponent" nor the "reorganized debtor" here. Accordingly, much like in the *A.J. Mackay* case, Section 1127(b) is not a bar to requesting relief under Rule 60(b).

Third, considering Rule 60(b) relief in the context of a post-confirmation breach of the confirmed plan by the Rosellis is consistent with this Court's inherent authority to enforce settlement agreements it approved. *Young v. FDIC*, 103 F.3d 1180, 1194 (4th Cir. 1997)("The Fourth Circuit has clearly held that district courts possess the inherent power to enforce settlement agreements and to enter judgments based on such agreements without a plenary hearing"); *N.C. Fox & Hound, Inc. v. Saul Subsidiary I, L.P.*, 367 F. Supp. 2d 932, 939 (M.D.N.C. 2005)("Federal courts have the inherent power to summarily enforce settlement agreements made between the parties involved in litigation before them").

Fourth, absent express Congressional intent to have Section 1127(b) supercede or nullify Rule 60(b) relief, the Court is stripped of a valuable tool that it can employ to afford litigants relief from an order where, as here, facts arise *after* entry of the order that warrant relief under Rule 60(b). Indeed, such an interpretation would prohibit the Court from revisiting an order where prospective application is no longer equitable (Rule 60(b)(5)) or for any other reason that justifies relief (Rule 60(b)(6)). *See also United States v. Bullion Hollow Enters. (In re Bullion Hollow Enters.)*, 185 B.R. 726, 730 (W.D. Va. 1995)(holding that "[m]odification of a substantially consummated plan can be approved if it was filed 'in good faith and as a result of

MWH: 10116.003; 00017327.2

unforeseen changed circumstances'"). Moreover, such an interpretation would incentive wrongdoers to delay in taking action that is contrary to the confirmed plan so as to avoid recourse, or further incentivize them to conceal improper post-confirmation conduct so as to attempt to wait out any applicable bar date to insulate themselves from liability (*i.e.*, substantial consummation under Section 1127(b) or the 180 day window set forth in Section 1144).

Fifth, a review of analogous Fourth Circuit case law illustrates that a Rule 60(b)(6) motion is a proper remedy for the repudiation of a settlement agreement approved pursuant to a court order. Indeed, the Fourth Circuit has specifically held: "[w]e are in agreement with the Sixth Circuit that, upon repudiation of a settlement agreement which had terminated litigation pending before it, a district court has the authority under Rule 60(b)(6) to … restore the case to its docket." *Fairfax Countywide Citizens Ass'n v. Cty. of Fairfax*, 571 F.2d 1299, 1302-03 (4th Cir. 1978).

Notwithstanding the foregoing, in light of the Court's concerns the Liquidating Agent wishes to revise its request in the Rule 60 Motion to seek only limited relief from the Confirmation Order, so that it may file a complaint against the Rosellis related to their breach and repudiation of the confirmed plan. As revised, the Liquidating Agent's requested relief cannot constitute a modification of the confirmed plan, because it does not seek to alter the substantive legal relationship between the Debtor, the Rosellis, and other creditors in this case. Rather, it merely seeks limited authority from this Court for relief from the Confirmation Order to allow the Liquidating Agent to file a complaint against the Rosellis without running afoul of the provisions of the Confirmation Order and thereby risking a contempt citation. This limited relief will not modify the confirmed plan because it does not alter the substantive rights of any party in interest herein. Moreover, it will allow the Liquidating Agent and the Rosellis to litigate

the Rosellis' alleged breach and repudiation of the plan, and their likely affirmative defense[4] of release in the proper procedural posture (*i.e.*, an adversary proceeding).

This limited relief is also consistent with the applicable Fourth Circuit law governing enforcement of settlement agreements and the case law discussed below illustrating that the Liquidating Agent can properly pursue state law breach of contract remedies against the Rosellis related to, among other things, their breach of the confirmed plan. *See, e.g.*, *Harman v. Pauley*, 678 F.2d 479, 481 (4th Cir. 1982) (holding that "when a settlement agreement has been breached two remedies are available-*a suit to enforce the agreement* or a Rule 60(b)(6) motion …").

**C.    Applicable case law illustrates that a suit to pursue state law breach of contract remedies is an appropriate remedy for breach of a confirmed plan.**

It is fundamental that "[a] confirmed plan is a contract, approved by the court, that involves matters of offer, acceptance, performance, and other contract principles." *Official Comm. of Unsecured Creditors of Toy King Distribs. v. Liberty Sav. Bank, FSB (In re Toy King Distribs.)*, 256 B.R. 1, 156-157 (Bankr. M.D. Fla. 2000); *see also Miller v. United States*, 363 F.3d 999, 1004 (9th Cir. 2004) ("A Chapter 11 bankruptcy plan is essentially a contract between the debtor and his creditors, and must be interpreted according to the rules governing the interpretation of contracts."); *Little v. Clay (In re Clay)*, 2010 Bankr. LEXIS 437, 6-7 (Bankr. E.D. Okla. Feb. 10, 2010)(holding "[i]t is well-settled that a confirmed plan creates a new contract between the debtor and interested parties…"); *Shenandoah Realty Partners, L.P. v. Ascend Healthcare, Inc. (In re Shenandoah Realty Partners,L.P.)*, 287 B.R. 867, 871(Bankr. W.D. Va. 2002)(stating "[i]t is generally accepted that a confirmed plan is essentially a binding contract.").

---

[4] Release is an affirmative defense that must be pled and proved by the defendant in an adversary proceeding pursuant to Rule 8(c) of the Federal Rule of Civil Procedure. Fed. R. Civ. P. 8(c)(1).

MWH: 10116.003; 00017327.2

Indeed, as this Court has held: "[w]hen construing a plan of reorganization, courts apply contract principles." *O'Dell v. Carolina Internet, Ltd.*, 2015 U.S. Dist. LEXIS 1884 (W.D.N.C. Jan. 8, 2015)(citations omitted). *See also In re Shenango Group Inc.,* 501 F.3d 338, 344 (3d Cir. 2007) ("In construing a confirmed plan of reorganization, we apply contract principles"). Furthermore, "a breach of the confirmed plan is actionable if the responsibility for the breach can be laid at the door of one or more of the defendants in this proceeding because each is a party to the confirmed plan." *Official Comm. of Unsecured Creditors of Toy King Distribs. v. Liberty Sav. Bank, FSB (In re Toy King Distribs.)*, 256 B.R. at 157. Indeed, "[a] post confirmation default should be treated as any other contractual default under state law…This premise is indubitably correct." *In re XOFOX Indus., Ltd.*, 241 B.R. 541, 543 (Bankr. E.D. Mich. 1999).

Accordingly, the United States Court of Appeals for the Tenth Circuit has held that a trustee can pursue state law breach of contract remedies for breach of a confirmed plan. *Paul v. Monts*, 906 F.2d 1468, 1475 (10th Cir. 1990) (holding, in part, that enforcement and modification provisions of the Bankruptcy Code pertaining to Chapter 11 plans of reorganization did not preempt a claim for breach of contract premised on the plan of reorganization). In *Monts*, the Court considered whether the remedies provided in the Bankruptcy Code for enforcing a chapter 11 plan of reorganization are exclusive, and it determined that the mere availability of alternative Code remedies does not render the Code remedies exclusive. *Id.* at 1475-76, n.10. The *Monts* Court noted that "the underlying creditors' rights asserted in bankruptcy proceedings are creatures of state law," *Id.* at 1475, and determined that a state law breach of contract action premised on the debtor's plan of reorganization was proper. *Id.* at 1476.

In the present case, as in the *Monts* case, the Liquidating Agent is entitled to pursue all state law breach of contract remedies based on the Rosellis' breach of the confirmed plan.

MWH: 10116.003; 00017327.2

10

Accordingly, as revised herein, the Rule 60 Motion only seeks limited relief from the Confirmation Order authorizing the Liquidating Agent to file a complaint against the Rosellis without being found to be in contempt of the Confirmation Order. The Liquidating Agent does not seek a determination of the validity, scope or enforceability of the "Roselli Release Provisions" and requests that the Court grant the Rule 60 Motion without prejudice to the Rosellis' substantive defenses in any forthcoming adversary proceeding.

In short, an adversary proceeding is the proper procedure to litigate the estate's disputes with the Rosellis over their post-confirmation actions and to consider any affirmative defenses raised by the Rosellis. Therefore, the Liquidating Agent asks the Court for limited relief from the Confirmation Order on the terms set forth herein.

## VI. CONCLUSION

Based on the foregoing, the Liquidating Agent respectfully requests that this Court enter an order granting the Rule 60 Motion on the specific terms identified herein, and for such further relief as the Court deems just and proper.

Dated: Charlotte, North Carolina
April 19, 2017

**MOON WRIGHT & HOUSTON, PLLC**

*/s/ Andrew T. Houston*
Andrew T. Houston (Bar No. 36208)
121 W. Trade Street, Suite 1950
Charlotte, NC  28202
Telephone (704) 944-6560
*Counsel for the Liquidating Agent*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Brief in Support of Rule 60 Motion* was served by electronic notification on those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF system to receive notices for this case on the date shown below.

Dated: Charlotte, North Carolina
April 19, 2017

**MOON WRIGHT & HOUSTON, PLLC**

*/s/ Andrew T. Houston*
Andrew T. Houston (Bar No. 36208)
121 W. Trade Street, Suite 1950
Charlotte, North Carolina 28202
Telephone: (704) 944-6560
*Counsel for The Liquidating Agent*

MWH: 10116.003; 00017327.2